UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 7:21-cv-00260 |
| | § | |
| $844,482.00, MORE OR LESS, | § | |
| IN UNITED STATES CURRENCY and | § | |
| a 2009 CHEVROLET SILVERADO | § | |
| VIN: IGCEC14X69Z140301 | § | |
| | § | |
| Defendants. | § | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Comes now Petitioner United States of America, acting by and through the United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

*Nature of the Action*

1.  This is a civil action to forfeit *in rem* property and condemn to the use and benefit of the United States the following property: $844,482.00, more or less, in United States currency and a 2009 Chevrolet Silverado with the following VIN: IGCEC14X69Z140301 (altogether "Defendant Properties").

*Jurisdiction and Venue*

2.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345, 1355, 1356.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395, and 18 U.S.C. § 981(h).

1

4. The Defendant Properties are in possession of Customs and Border Protection within the Southern District of Texas.

### *Statutory Basis for Forfeiture*

**(18 U.S.C. § 983(a)(1), 31 U.S.C. §§ 5316, 5317, and 5332.)**

5. The Defendant Properties are subject to forfeiture for violations of 31 U.S.C. §§ 5316 and 5332 pursuant to 31 U.S.C. § 5317 and 18 U.S.C. § 983(a)(1).

6. 31 U.S.C. § 5316 provides that a person shall file a report when the person knowingly transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time from a place in the United States to or through a place outside the United States.

7. 31 U.S.C. § 5332 provides that whoever, with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States shall be guilty of a currency smuggling offense. Subsection (c) states that any property involved in a violation of subsection (a), or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States.

8. 31 U.S.C. § 5317(c)(2)(A) states that any property involved in a violation of section 5316 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

*Factual Basis*

9. On February 12, 2021, Jose Juan Garcia ("Garcia") attempted to depart the United States through the Hidalgo, Texas Port of Entry into Mexico while driving a 2009 Chevrolet Silverado (VIN: IGCEC14X69Z140301). Before Garcia exited the country, Customs and Border Protection Officers ("CBPOs") referred Garcia and the Chevrolet Silverado for a secondary inspection.

10. At the secondary location, Garcia gave a negative declaration for currency in excess of $10,000. CBPOs inspected the Chevy Silverado in response to the negative declaration. [1] CBPOs discovered bulk cash in the approximate amount of $844,482.00 hidden within a spare tire and seized the Defendant Properties as a result.

11. After the seizure, Garcia filed a petition wherein Garcia admitted his intent to drive into Mexico and claimed the bulk cash hidden in the spare tire as his own.

*Conclusion*

12. Considering in totality the above described facts and circumstances, the evidence demonstrates that Garcia intentionally evaded the currency reporting requirements and that the Defendant Properties were involved in unlawful bulk cash smuggling. Therefore, the Defendant Properties were seized and are subject to forfeiture.

*Notice to Any Potential Claimants*

13. YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty

---

[1] 31 U.S.C. 5317(b) provides that for purposes of ensuring compliance with the requirements of section 5316, a customs officer may stop and search, at the border and without a search warrant, any vehicle, vessel, aircraft, or other conveyance, any envelope or other container, and any person entering or departing from the United States; routine searches of the persons and effects of entrants are not subject to any requirement of reasonable suspicion, probable cause, or warrant. *United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985).

or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

14. An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 1701 W. Business Hwy 83, McAllen, TX 78501, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 600 E Harrison St. #201, Brownsville, TX 78520.

## *Prayer*

15. Wherefore, the United States of America prays that due process is issued to enforce the forfeiture of the Defendant Property, that due notice be given to all interested persons to appear and show cause why forfeiture of the Defendant Property should not be decreed, that the Defendant Property be condemned as forfeited to the United States to be disposed of according to law, and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

JENNIFER LOWERY
Acting United States Attorney

By: /s/ Rick Blaylock
Rick Blaylock
Assistant United States Attorney
Texas Bar No. 24103294
Federal Bar No. 3544108
600 E. Harrison St., #201
Brownsville, TX 78520
Office: (956) 566-2132
Fax: (956) 548-2711

***Verification***

I, Jesus Cuellar, a Task Force Officer with the United States Homeland Security Investigations, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in Paragraphs 9 through 11 of the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on June 30, 2021

*[signature]*
Jesus Cuellar
Task Force Officer
Homeland Security Investigations